IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                       PLAINTIFF

v.                                    No. 4:97CR00009 JLH

TERRY WILLIAM MCILVOY                                        DEFENDANT

**OPINION AND ORDER**

Terry William McIlvoy has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He states three grounds for relief:

> Ground one: Due to a substantive change of law in *Begay*, *Chambers*, and *Johnson*, Fleeing and Night Hunting are no longer qualifying felonies for the Career Offender Enhancement.
>
> Ground two: The Career Offender enhancement does not apply to 21 U.S.C. § 846.
>
> Ground three: Removing the Career Offender Enhancement makes the sentence of 295 months an illegal sentence.

McIlvoy was indicted on one count of conspiracy to possess with intent to distribute more than 100 marijuana plants pursuant to 21 U.S.C. § 841(a)(1) and 21 U.S.C. §§ 846 and 841(b)(1)(B) and one count of knowingly and intentionally manufacturing more than 100 marijuana plants pursuant to 21U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2. He entered into a plea agreement pursuant to which he pled guilty to Count 1 and Count 2 was dismissed. On June 25, 1997, McIlvoy appeared before the Honorable Henry Woods and was sentenced to a term of imprisonment of 295 months. The judgment was entered on June 27, 1997. McIlvoy was found to be a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines, so his sentence was enhanced as provided in that section of the guidelines. McIlvoy now contends that his

enhancement under that section of the guidelines is rendered improper by recent opinions of the Supreme Court.

As a threshold issue, the Court must decide whether McIlvoy's motion is untimely. McIlvoy's present motion was filed on September 20, 2010. As noted above, the judgment was entered on June 27, 1997. McIlvoy did not appeal. The statute of limitations provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final;
>
> (B) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such government action;
>
> (C) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

McIlvoy contends that his motion is timely pursuant to subsection C because of decisions by the United States Supreme Court in *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008); *Chambers v. United States*, __ U.S. __, 129 S. Ct. 687, 172 L. Ed. 2d 484 (2009); and *Johnson v. United States*, __ U.S. __, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010). He argues that he had only two predicate offenses for the career offender enhancement and one of them—a conviction for fleeing and night hunting—cannot be considered a violent felony in light of *Begay*, *Chambers*, and *Johnson*. He contends that his motion is timely because it was filed within one year after the decision in *Johnson*.

In *Begay*, the Supreme Court held that a conviction for driving under the influence of alcohol as set forth in New Mexico's criminal statutes did not constitute a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). In *Chambers*, the Supreme Court held that failing to report to a penal institution under an Illinois criminal statute was not a violent felony pursuant to the Armed Career Criminal Act. In *Johnson*, the Supreme Court held that a battery conviction under a Florida statute that required only unwanted physical touching was not a violent felony under the Armed Career Criminal Act.

*Begay*, *Chambers*, and *Johnson* do not apply to this case because McIlvoy had three convictions that qualify as predicate offenses for career offender status under section 4B1.1 without regard to his conviction for fleeing and night hunting. Indeed, that conviction was never one of the convictions considered as a basis for the career offender enhancement. McIlvoy correctly says that paragraph 20 of the presentence report categorized him as a career offender and cited paragraphs 22, 23, and 26 as the paragraphs that described the prior felonies used for the enhancement. He also correctly says that paragraph 22 pertained to juvenile adjudications, of which he had none; paragraph 23 described a conviction for burglary and theft; and paragraph 26 described a conviction for fleeing and night hunting. He contends that pursuant to *Begay*, *Chambers*, and *Johnson* his conviction for fleeing and night hunting would not count towards an enhancement, which leaves only the burglary conviction as a predicate offense for the career offender enhancement under section 4B1.1.

While McIlvoy is correct that paragraph 20 references paragraphs 22, 23, and 26, it is apparent from reviewing the presentence report that the paragraph references are typographical errors. Paragraph 20 of the presentence report says, in pertinent part:

3

As referenced in paragraphs 22, 23, and 26, the defendant has three prior felony convictions including burglary, arson, and a controlled substance offense.

The burglary conviction is described in paragraph 23 of the presentence report; the arson conviction is described in paragraph 24 of the presentence report; and the controlled substance offense is described in paragraph 27 of the presentence report as a conviction for conspiring to manufacture and possess with intent to distribute marijuana. McIlvoy thus had two convictions of violent felonies—one for burglary and one for arson—and one conviction of a controlled substance offense, all of which qualify as predicate offenses under section 4B1.1 of the guidelines. Section 4B1.1 requires only two predicate offenses for the career offender enhancement. McIlvoy had three. His argument that he had only one is based on the fact that the presentence report references paragraphs 22, 23, and 26, when it should have referenced paragraphs 23, 24, and 27. None of the three predicate offenses—burglary, arson, and conspiring to manufacture and possess marijuana with intent to distribute—is affected by *Begay*, *Chambers*, and *Johnson*.

Even if the conviction for fleeing and night hunting had been used to enhance McIlvoy's sentence under section 4B1.1, McIlvoy's motion still would be untimely. Of the three Supreme Court cases upon which McIlvoy relies, the one that would pertain to whether fleeing is a violent felony is *Chambers*. *Chambers* was decided on January 13, 2009. As noted, McIlvoy's motion was filed on September 20, 2010—more than one year later.

McIlvoy's motion pursuant to 28 U.S.C. § 2255 is dismissed because the motion is barred by the period of limitations. McIlvoy has failed to make a substantial showing of the denial of a constitutional right, so the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 2nd day of December, 2010.

                                  */s/ J. Leon Holmes*
                                  J. LEON HOLMES
                                  UNITED STATES DISTRICT JUDGE